```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


RAYMOND CLARK,                   :    CASE NO. 1:11-CV-1942
                                 :
          Petitioner             :    (Judge Rambo)
                                 :
     v.                          :    (Magistrate Judge Smyser)
                                 :
                                 :
H.L. HUFFORD, WARDEN,            :
                                 :
          Respondent             :
```

**REPORT AND RECOMMENDATION**


	This is a habeas corpus case filed by a federal prisoner.  The petitioner claims that the United States Parole Commission abused its discretion with regard to setting the date of his parole reconsideration hearing.  We conclude that the United State Parole Commission did not abuse its discretion.  Thus, we recommend that the petition for a writ of habeas corpus be denied.

I.  Background and Procedural History.

In 1988, the petitioner was sentenced to a fifty-year term of imprisonment by the United States District Court for the Southern District of New York. *Doc. 6-1* at 4.  In accordance with 18 U.S.C. § 4205(a), the petitioner was eligible for parole after serving ten years.  The Bureau of Prisons determined that the petitioner was eligible for parole on February 21, 2001, and the petitioner applied for parole in March of 2001. *Doc. 6-1* at 6 & 7.

The Commission conducted a parole hearing in May of 2001. *See Doc. 6-1* at 8.  In July of 2001, it issued a decision denying the petitioner parole and ordering that the petitioner be continued to a 15-year reconsideration hearing in May of 2016. *Doc. 6-1* at 12.  The Commission explained the reasons for its decision. *Id.*  Those reasons include that the petitioner was part of an extremely large scale heroin distribution organization that operated over a period of time and engaged in multiple murders to protect and further its illegal activity and that the petitioner was personally involved in multiple murders and, thus, that the petitioner represents an extreme

2

parole risk. *Id.* The petitioner appealed the Commission's decision, and the National Appeals Board affirmed the decision. *Doc. 6-1* at 14.

The petitioner received statutory interim hearings in 2003, 2007, 2009, and 2011. *See Doc. 6-1* at 15-17 & 21. After each of those hearings, the Commission refused to change the 15-year reconsideration date of May of 2016. *Id.*

In the meantime, pursuant to its discretion to designate the place of confinement for a prisoner serving a federal sentence, *see Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990), the Bureau of Prisons retroactively designated the state institution where the petitioner had been incarcerated prior to his federal sentence as the place of confinement for his federal sentence for the period of time that he was in the state institution. *See Doc. 3* at 9. Thus, in effect the petitioner was given credit toward his federal sentence for that period of time, and his sentence was recalculated using an earlier commencement date. *Id.* This had the effect of changing the date on which the petitioner first became eligible for parole, and the Bureau of Prisons changed its records to

3

indicate that the petitioner had became eligible for parole in July of 1997 rather than in February of 2001. *Doc. 3* at 10.

The petitioner appealed the 2011 decision of the Commission refusing to change the 15-year reconsideration date of May of 2016. *See Doc. 6-1* at 27.  The petitioner contended that because the change in his sentence computation moved his parole eligibility date earlier in time by several years his 15-year reconsideration hearing date should correspondingly be moved earlier. *Id.*  The National Appeals Board rejected that contention and affirmed the Commission's decision. *Id.*  The Board explained:

> When the Commission orders a 15 year reconsideration date, it is finding that it does not consider you potentially suitable for parole release for 15 years from the date of your hearing.  That judgement by the Commission is not changed by the fact that your parole eligibility date has been advanced; the Commission still, at the time of your 2001 initial hearing, concluded that you would not be suitable for parole release for 15 years from that date.

*Id.*

4

The petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He claims that the Commission abused its discretion by refusing to modify his reconsideration hearing date in light of the recalculation of his sentence.

II.  Discussion.

28 U.S.C. § 2241 habeas review is confined to questions of constitutional and statutory law. *Bakhitriger v. Elwood,* 360 F.3d 414, 424 (3d Cir. 2004).  Habeas review does not include review of administrative fact finding or of the sufficiency of the evidence that underlies the administrative fact finding. *Id.* at 420.  But a writ of habeas corpus may be issued on the basis of a due process violation. *Id.* at 421 n.7.  A habeas court's review of a decision by the Commission is limited: the inquiry is whether there is a rational basis in the record for the Commission's decision. *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976).

18 U.S.C. § 4205(a)[1] provides that "a prisoner shall be eligible for release on parole . . . . after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law." The petitioner claims that by refusing to modify the reconsideration hearing date in light of the recalculation of his parole eligibility date, the Commission ignored the mandatory language of Section 4205(a) and the Congressional intent underlying that section. The petitioner's argument, however, fails to recognize the difference between eligibility for parole and suitability for parole. The recalculation of the petitioner's sentence had the effect of moving up the date that he became eligible for parole. But it had no effect on

---

1. The Sentencing Reform Act (SRA) of 1984 provided for the total revamping of sentencing procedures in the federal system. *Walden v. U.S. Parole Comm'n*, 114 F.3d 1136, 1138 (11th Cir. 1997). It replaced a system of indeterminate sentences and the possibility of parole with determinate sentences and no parole. *Id*. "Inasmuch as there will be no parole for those convicted after the effective date of the SRA, the Act abolishes the Parole Commission, and repeals most of the pre-existing statutory framework governing parole of federal prisoners." *Id*. Section 235 of the SRA (set out as a note to 18 U.S.C. § 3551), however, "saves" the Commission and the parole statutes for a period of time during which the transition to the new system will occur. *Id*. The parole transition sections apply to offenses committed before the SRA's effective date. *Lyons v. Mendez*, 303 F.3d 285, 288 (3d Cir. 2002). The petitioner was convicted of offenses that he committed prior to the SRA's effective date. Thus, the parole statutes continue to apply to his case.

the Commission's decision regarding whether, although he was eligible for parole, the petitioner was suitable for parole. Thus, the Commission's decisions setting and reaffirming a May 2016 reconsideration date are not in violation of either the letter or intent of 18 U.S.C. § 4205(a).

The petitioner also argues that the Commission, by refusing to modify the reconsideration hearing date in light of the recalculation of his parole eligibility date, in effect transformed the 15-year hearing date into a 19-year hearing date. That is not correct. Regardless of when the petitioner became eligible for parole, the Commission in 2001 decided that he was not suitable for parole release for at least 15 years from that date, and it set a reconsideration hearing date of May 2016 - 15 years from the date of its decision.

Had the petitioner's sentence been recalculated earlier than it was and had he received an initial parole hearing earlier than he did, the Commission's decision to set a 15-year reconsideration hearing date would have resulted in a reconsideration hearing date earlier than May of 2016. But that is not what happened. The Commission made its decision in

7

2001 based on the facts it had before it then.  And, given the petitioner's violent offense conduct, the Commission did not abuse its discretion by setting the reconsideration date for May or 2016 and by sticking to that date even after the petitioner's sentence had been recalculated.  Thus, the Commission did not deny the petitioner due process by setting or affirming the reconsideration hearing date of May of 2016.

III. Recommendations.

     Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

                                                 /s/ J. Andrew Smyser
                                                 J. Andrew Smyser
                                                 Magistrate Judge

DATED: February 3, 2012.