IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RAYMOND CLARK,** : **CIVIL NO. 1:11-CV-1942**
: 
   Petitioner : **(Judge Rambo)**
: **(Magistrate Judge Smyser)**
v. :
:
**H.L. HUFFORD, WARDEN,** :
:
   Respondent :

# M E M O R A N D U M

Before the court is a February 3, 2012, report of the magistrate judge (Doc. 8) to whom this matter was referred in which he recommends that the petition for writ of habeas corpus be denied. Petitioner Clark has filed objections to the report and recommendation and Respondent Hufford has filed a response to the objections. The matter is ripe for disposition.

Clark alleges that the United States Parole Commission ("Parole Commission") violated his due process rights and ignored the mandatory language of 18 U.S.C. § 4205(a) by not modifying the date of his fifteen year reconsideration hearing when his parole eligibility date was advanced by the Federal Bureau of Prisons. 18 U.S.C. § 4205(a) provides:

> Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

In 1988, Petitioner was sentenced to a fifty year sentence which made him eligible for parole after serving ten years. A parole hearing was conducted in

May 2001. The Parole Commission issued a decision in July 2001 that denied parole and set a reconsideration hearing for May 2016. Subsequent to the 2001 parole hearing, the Bureau of Prisons credited Clark's sentence for a period of time he served at a state facility before his federal sentence, which advanced the date he became eligible for parole. It is Clark's contention that because of the modification of his sentence, his fifteen year reconsideration hearing should have been modified to an earlier date.

The magistrate judge distinguished when an inmate becomes eligible for parole under 18 U.S.C. § 405(a) from when he becomes suitable for parole. The Parole Commission's reasons for setting a fifteen year reconsideration were that Clark was a member of a large scale heroin distribution organization that operated for a long period of time; the organization engaged in multiple murders; and Clark was personally involved in multiple murders and was an extreme parole risk. (Doc. 6-1 at 12.) Thus, although Clark may have been eligible for parole, the reasons stated above did not make him suitable for parole.

Provided the Parole Commission followed criteria appropriate, rational and consistent with the statute, and that its decision is not arbitrary and capricious and not based on impermissible conditions, the Parole Commission's decision is to be upheld. *Zannio v. Arnold*, 531 F.2d 687, 690 (3d Cir. 1976). The magistrate judge is correct in holding that it is the Parole Commission's discretion to determine that Clark lacks suitability to be reconsidered for parole release until May 2016, even though his parole eligibility date was advance by subsequent recomputation of his sentence.

        In his objections to the report and recommendation, Clark reiterates the arguments contained in his initial petition and refuses to recognize the difference between eligibility for parole and suitability for parole.  His objections are without merit.

        An appropriate order will be issued.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  April 19, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND CLARK,** | **CIVIL NO. 1:11-CV-1942** |
| Petitioner | **(Judge Rambo)** |
| v. | **(Magistrate Judge Smyser)** |
| **H.L. HUFFORD, WARDEN,** | |
| Respondent | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The court adopts the report and recommendation of Magistrate Judge Smyser.

2) The petition for writ of habeas corpus is **DENIED**.

3) The Clerk of Court shall close the file.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: April 19, 2012.