IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND CLARK,** | : | **CIVIL NO. 1:11-CV-1942** |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | **(Magistrate Judge Smyser)** |
| **v.** | : | |
| | : | |
| **H.L. HUFFORD, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

**I.      Background**

Before the court is Petitioner Raymond Clark's "Petition for

Reconsideration" (doc. 12) of this court's April 19, 2012 order which adopted the

report and recommendation of the magistrate judge and dismissed the petition for writ

of habeas corpus.  The instant petition does not state under what rule he brings the

request for reconsideration.  The court will address the petition as a motion pursuant

to Federal Rule of Civil Procedure 59(e).

**II.      Discussion**

A motion for reconsideration is a device of limited utility.  Its purpose is

to correct manifest errors of law or fact or to present newly discovered evidence.

*Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party

seeking reconsideration must demonstrate at least one of the following grounds prior

to the court altering, or amending, a standing judgment: (1) an intervening change in

the controlling law; (2) the availability of new evidence that was not available when

the court entered judgment; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194,
1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where
the court has "patently misunderstood a party, or has made a decision outside the
adversarial issues presented to the Court by the parties, or has made an error not of
reasoning but of apprehension."  *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F.
Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*,
915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan
Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to
reargue unsuccessful theories, or argue new facts or issues that were not presented to
the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F.
Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in
the finality of judgments, motions for reconsideration should be granted sparingly."
*Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa.
1995).

Applying the standard used when a party seeks reconsideration, this court
concludes that Plaintiff has not demonstrated any of the applicable grounds for
reconsideration.

In his original petition for writ of habeas corpus, Clark argued that the
United States Parole Commission violated his due process rights and ignored the
mandatory language of 18 U.S.C. § 4205(a) by not modifying the date of his fifteen-
year reconsideration hearing when his parole eligibility date was advanced by the
Federal Bureau of Prisons.  This court's memorandum and order of April 19, 2012
(doc. 11), adopted the report and recommendation in which the magistrate judge
addressed the difference between "eligibility" and "suitability" for parole.  In his
petition for reconsideration, Clark presents no new argument and claims he fails to see
the difference between suitability and eligibility.  (Doc. 12 at p. 3, ¶ 6.)  The

difference has been explained in the magistrate judge's report and recommendation and this court's memorandum dated April 19, 2012.  It will not be repeated here.

**III.** **Conclusion**

While Clark may disagree with the findings and outcome of the court's rulings, there exists no basis to reconsider the earlier decision.  The motion will be denied.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  May 4, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYMOND CLARK,** | : | **CIVIL NO. 1:11-CV-1942** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | **(Magistrate Judge Smyser)** |
| **v.** | : | |
| | : | |
| **H.L. HUFFORD, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY
ORDERED THAT** the petition for reconsideration (doc. 12) is **DENIED**.


                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  May 4, 2012.