IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND CLARK,** | **CIVIL NO. 1:11-CV-1942** |
| Petitioner | **(Judge Rambo)** |
| v. | **(Magistrate Judge Smyser)** |
| **H.L. HUFFORD, WARDEN,** | |
| Respondent | |

# **M E M O R A N D U M**

## I.     **Background**

Before the court is Petitioner Raymond Clark's "Petition for Reconsideration" (doc. 12) of this court's April 19, 2012 order which adopted the report and recommendation of the magistrate judge and dismissed the petition for writ of habeas corpus. The instant petition does not state under what rule he brings the request for reconsideration. The court will address the petition as a motion pursuant to Federal Rule of Civil Procedure 59(e).

## II.    **Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, this court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration.

In his original petition for writ of habeas corpus, Clark argued that the United States Parole Commission violated his due process rights and ignored the mandatory language of 18 U.S.C. § 4205(a) by not modifying the date of his fifteen-year reconsideration hearing when his parole eligibility date was advanced by the Federal Bureau of Prisons.  This court's memorandum and order of April 19, 2012 (doc. 11), adopted the report and recommendation in which the magistrate judge addressed the difference between "eligibility" and "suitability" for parole.  In his petition for reconsideration, Clark presents no new argument and claims he fails to see the difference between suitability and eligibility. (Doc. 12 at p. 3, ¶ 6.)  The

difference has been explained in the magistrate judge's report and recommendation and this court's memorandum dated April 19, 2012.  It will not be repeated here.

**III.**      **Conclusion**

While Clark may disagree with the findings and outcome of the court's rulings, there exists no basis to reconsider the earlier decision.  The motion will be denied.  An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated:  May 4, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND CLARK,** | **CIVIL NO. 1:11-CV-1942** |
| Petitioner | **(Judge Rambo)** |
| | **(Magistrate Judge Smyser)** |
| v. | |
| **H.L. HUFFORD, WARDEN,** | |
| Respondent | |

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the petition for reconsideration (doc. 12) is **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated: May 4, 2012.